[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16079
Non-Argument Calendar
_____

D.C. Docket No. 5:01-cr-00069-CAR-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN WHITE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 23, 2013)

Before TJOFLAT, PRYOR, and FAY, Circuit Judges.

PER CURIAM:

John White, proceeding through counsel, appeals the district court's denial of his motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750. We affirm.

## I.

White pled guilty to distribution of more than 50 grams of cocaine base ("crack-cocaine") and was sentenced for the offense in November 2004. The presentence investigation report ("PSI") calculated White's base offense level under U.S.S.G. § 2D1.1(c). However, because White was a career offender, his guideline range was calculated pursuant to U.S.S.G. § 4B1.1. After receiving a departure for substantial assistance, he was sentenced to 160 months of imprisonment. In 2011, White filed a § 3582(c) motion based on Amendment 750 and the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372. After the government responded, the district court determined White was not eligible for a § 3582(c) reduction based on Amendment 750, because his sentence was based on § 4B1.1, not § 2D1.1, which Amendment 750 amended. Further, the FSA was not applicable because White was sentenced before the FSA's effective date. Thus, the court determined he was not entitled to a sentence reduction.

## II.

On appeal, White argues he was entitled to a sentence reduction notwithstanding his career offender status. Citing to *Freeman v. United States*, 564

U.S. ___, 131 S. Ct. 2685, 180 L. Ed. 2d 519 (2011), he argues he was sentenced based on § 2D1.1(c), which was amended by Amendment 750, because § 2D1.1(c) remained a point of reference throughout the process of calculating his guideline range and determining whether any departure or variance was warranted. White argues we should not rely on our decision in *United States v. Lawson*, 686 F.3d 1317 (11th Cir.), *cert. denied*, 133 S. Ct. 568 (2012), in the instant case because that decision relies unduly on Justice Sotomayor's concurrence in *Freeman*, which was not the controlling opinion in the case, does not specifically address career offenders, and lacks any in-depth analysis of the FSA's background. White further argues that he was entitled to be resentenced under the FSA, which decreased the mandatory minimums with respect to crack-cocaine offenses. In his reply brief, White also argues that *United States v. Berry*, 701 F.3d 374 (11th Cir. 2012), and *United States v. Hippolyte*, 712 F.3d 535 (11th Cir. 2013), *petition for cert. filed*, No. 12-10828 (U.S. June 12, 2013), are distinguishable from his case.

We review de novo the district court's legal conclusions about the scope of its authority under § 3582(c)(2). *Lawson*, 686 F.3d at 1319. Section 3582(c)(2) provides that a court may reduce a defendant's sentence where the defendant is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1).

3

In *United States v. Moore*, we held that a career offender is not entitled to § 3582(c)(2) relief where a retroactive guideline amendment reduces his base offense level, but does not alter the sentencing range upon which his sentence was based. 541 F.3d 1323, 1330 (11th Cir. 2008). In *Lawson*, we rejected a career offender's argument that, in light of the Supreme Court's decision in *Freeman*, the holding of *Moore* was overruled, such that he was entitled to a sentence reduction based on § 3582(c)(2) and Amendment 750, notwithstanding his sentence being based on the career offender guideline. *Lawson*, 686 F.3d at 1319-21. In *Freeman*, the question before the Supreme Court was whether defendants who entered into Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreements were eligible for § 3582(c)(2) relief. *Freeman*, 564 U.S. at ____, 131 S. Ct. at 2690. We determined that neither the plurality opinion nor Justice Sotomayor's concurrence in *Freeman* addressed defendants who were assigned a base offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.1. *Lawson*, 686 F.3d at 1321. Thus, we held *Freeman* did not overrule *Moore*'s holding that a career offender was not entitled to § 3582(c)(2) relief where his guideline range was not lowered by a retroactive amendment because *Freeman* was not "clearly on point" to the issue that arose in *Moore*. *Id.* Accordingly, we held Lawson, a career offender, was not

4

entitled to relief based on Amendment 750 and § 3582(c)(2), as his guideline range based on § 4B1.1 was not reduced by Amendment 750. *Id.*

In *Berry*, we addressed the applicability of Amendment 750 and the FSA in the context of a § 3582(c)(2) proceeding. 701 F.3d at 376-77. Berry was convicted of a crack-cocaine offense and sentenced in 2002, and his initial guideline range was 360 months to life imprisonment, which was based on his status as a career offender under § 4B1.1(b), not on the drug quantity tables in § 2D1.1. *Id.* at 376. On appeal, we held that the district court did not have the authority to grant Berry's § 3582(c)(2) motion because Amendment 750 had no effect on Berry's initial guideline range of 360 months to life imprisonment or his guideline sentence of life imprisonment. *Id.* at 377. In addition, we rejected Berry's argument that he was eligible for a § 3582(c)(2) reduction under the FSA, determining the FSA was not an amendment to the Guidelines by the Sentencing Commission, but rather a statutory change by Congress. *Id.* Thus, it did not serve as a basis for a § 3582(c)(2) sentence reduction in Berry's case. *Id.* Even assuming that Berry could bring his FSA claim in a § 3582(c)(2) motion, we continued, his claim still failed because he was convicted and sentenced in 2002 and the FSA did not apply retroactively to his 2002 sentences. *Id.* We pointed out that the general savings clause in 1 U.S.C. § 109 states the repeal of a statute shall not have the effect of releasing or extinguishing any penalty incurred under that

5

statute unless the repealing act expressly so provides. *Id.* We then agreed with "every other circuit to address the issue" that there was no evidence that Congress intended the FSA to apply to defendants who had been sentenced before the August 3, 2010, date of the FSA's enactment. *Id.* Finally, we distinguished the Supreme Court's decision in *Dorsey v. United States*, 567 U.S. ___, 132 S. Ct. 2321, 183 L. Ed. 2d 250 (2012), noting that *Dorsey* did not suggest the FSA's new mandatory minimums should apply to defendants, like Berry, who were sentenced before the FSA's effective date. *Id.* at 377-78.

In *Hippolyte*, we rejected Hippolyte's arguments that (1) Congress intended for the FSA to apply to drug-crime sentence reductions under § 3582(c)(2) for the same reasons articulated in *Dorsey*; and (2) it would be inconsistent to apply the more lenient sentencing ranges of Amendment 750, but keep the harsh pre-FSA mandatory minimums in a § 3582(c)(2) proceeding involving a defendant sentenced before the FSA's enactment. 712 F.3d at 539-40, 542. We determined that *Berry* was indistinguishable from Hippolyte's case, and thus, the FSA's reduced statutory penalties did not apply to his case. *Id.* at 542.

In the instant case, the district court correctly denied White's § 3582(c)(2) motion because his guideline range was not lowered by Amendment 750. Amendment 750 reduced the base offense levels in § 2D1.1, not in § 4B1.1. *See* U.S.S.G. App. C, Amend. 750; U.S.S.G. App. C, Amend. 748; *see also Lawson*,

686 F.3d at 1321.  White was initially assigned a base offense level under § 2D1.1, but his total offense level and guideline range were based on § 4B1.1, not § 2D1.1, because he was a career offender.  Thus, Amendment 750 did not alter the sentencing range upon which White's sentence was based.  *See Lawson*, 686 F.3d at 1321.  As *Freeman* did not abrogate our prior holding—that defendants sentenced as career offenders, pursuant to § 4B1.1, were not entitled to § 3582(c)(2) sentence reductions where their guideline ranges were unaffected by a retroactive amendment—the district court properly determined that § 3582(c)(2) did not authorize a reduction in White's sentence.  *Id.* at 1320-21.

Although White argues that he is entitled to a § 3582(c)(2) sentence reduction based on the FSA, *Berry* forecloses White's argument.  As we stated in *Berry*, the FSA is not a guideline amendment, and thus, White is not eligible for a § 3582(c)(2) sentence reduction based on the FSA.  *See Berry*, 701 F.3d at 376-77. Here, White appears to argue that *Berry* is distinguishable because he is seeking to reduce his sentence based both on Amendment 750 and the FSA.  However, as discussed above, Amendment 750 has no application here because it does not lower White's guideline range.  Further, although White argues that the FSA applies retroactively in a § 3582(c)(2) proceeding for the same reasons articulated in *Dorsey*, we have previously rejected such an argument in *Berry* and *Hippolyte*, as nothing in *Dorsey* suggests that the FSA's new mandatory minimums should

7

apply to defendants who were sentenced long before the FSA's effective date. *See id.* at 377-78; *Hippolyte*, 712 F.3d at 539-40, 542. Thus, the FSA does not apply to White's case, and he has not shown that he is entitled to a § 3582(c)(2) sentence reduction because he has not shown that an amendment to the Guidelines has the effect of reducing his sentence. Accordingly, the district court did not err in denying White's § 3582(c)(2) motion.

**AFFIRMED.**